792 F.2d 1346
 Morris W. BABCOCK, Plaintiff-Appellant,
and
Home Insurance Company, Intervenor-Appellant,
v.
CONTINENTAL OIL COMPANY, Defendant-Third Party Plaintiff-Appellant,
and
HARTFORD ACCIDENT & INDEMNITY CO., Defendant-Appellant,
v.
AETNA CASUALTY & SURETY CO., Defendant-Appellee,
v.
DIRECTIONAL ENTERPRISES, INC., Third-Party Defendant
Fourth-Party Plaintiff-Appellant,
v.
Sam CHAPMAN, John Guillory, Rick M. Bowdin & Gilbert
Johnson, Fourth-Party Defendants-Appellees.
 No. 85-3162.
 United States Court of Appeals,
Fifth Circuit.
 June 30, 1986.
 
 Wilfred H. Boudreaux, New Orleans, La., for Directional & Home Continental Con et al.
 R. Ralph Bailey, Scott E. Silbert, Metairie, La., Russell M. Cornelius, New Orleans, La., for Conoco/Hartford.
 Lawrence E. Abbott, New Orleans, La., for Bodin, et al.
 Charles E. Lugenbuhl, New Orleans, La., for Rowan Companies Inc.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before: CLARK, Chief Judge, JOLLY and HILL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this case, the district court interpreted several indemnity clauses to find that the employees of an indemnified corporation were entitled to indemnification pursuant to contracts that indemnified the corporation. After reviewing the language of the relevant contracts, we hold that Directional must indemnify the Rowan employees and thus affirm.
 
 
 2
 * On April 23, 1979, Morris W. Babcock, the plaintiff, was working as a drilling supervisor for Directional Enterprises, Inc. (Directional) on an offshore drilling platform on the outer continental shelf off the coast of Louisiana in the Gulf of Mexico. The drilling platform was owned and operated by Continental Oil Company (Conoco). Babcock and his employer, Directional, were working for Conoco pursuant to a contract executed between Conoco and Directional (Conoco-Directional contract). At the same time, Rowan Drilling U.S. (Rowan) was performing drilling operations on Conoco's platform pursuant to a contract executed between Conoco and Rowan (Conoco-Rowan contract).
 
 
 3
 Babcock was injured when he slipped on drilling mud which had leaked from a drain pipe from Rowan's drilling rig. Babcock alleges that a Rowan welder cut a hole in the pipe to unclog it but failed to patch the hole, allowing drilling mud to leak onto a stairway adjacent to the pipe. Babcock claimed that Rowan employees were additionally negligent in permitting the mud to remain on the stairway.
 
 
 4
 In February of 1980, Babcock sued Rowan and Conoco, alleging that Conoco and Rowan were responsible for the actions of the Rowan employees under the doctrine of respondeat superior. Pursuant to an indemnity clause in the Conoco-Rowan contract, Conoco assumed Rowan's defense and retained counsel to defend Rowan. Both Conoco and Rowan filed third-party complaints against Directional, contending that pursuant to the Conoco-Directional contract, Directional was required to indemnify both Conoco and Rowan.
 
 
 5
 Directional denied any contractual obligation to defend or indemnify Conoco, contending that articles IV and V of the Conoco-Directional contract were mutually exclusive, rendering the indemnity agreement ambiguous and therefore unenforceable.[1] Directional also denied Rowan's claim for defense and indemnity, contending that it had no contractual relationship with Rowan and that the Conoco-Directional contract could not cause Directional to owe Rowan indemnificaiton since Directional could not owe Rowan more than it owed Conoco. Finally, Directional also filed a third-party complaint against the Rowan employees whom Directional alleged were responsible for causing Babcock's accident. Directional contended that if Conoco or Rowan were entitled to indemnity from Directional, Directional was entitled to indemnity from the Rowan employees, the parties at fault in the accident. In March of 1982, the Rowan employees called upon Conoco to indemnify and defend them pursuant to the Conoco-Rowan agreement. Conoco refused. On November 24, 1982, Babcock filed suit against the Rowan employees.
 
 
 6
 On July 22, 1983, Babcock, Conoco (and its insurer, the Hartford Accident & Indemnity Co.), Rowan and Directional (and its insurer, the Home Indemnity Co.) settled their pending claims. Under the terms of the settlement, Babcock received $375,000 from Rowan and Conoco (and Conoco's insurer). In turn, Babcock released Rowan and Conoco (and Conoco's insurer) from any liability arising out of the 1979 accident and agreed to the dismissal of his claims with prejudice. Babcock, however, reserved his right to proceed against the Rowan employees, who were the only remaining defendants and who refused to participate in the settlement. Nonetheless, Babcock agreed that any recovery against the Rowan employees would be shared with Conoco and Rowan on a fifty-fifty basis up to $397,445.66. Under the terms of a separate settlement agreement, Directional (and its insurer) paid $300,000 to Conoco and Rowan. In return, Rowan and Conoco released Directional (and its insurer) from any liability arising out of the 1979 accident and agreed to share part of Babcock recovery against the Rowan employees. Finally, Directional agreed to hold Conoco and Rowan harmless from any further liability arising out of the 1979 accident.
 
 
 7
 Thus, at the conclusion of the settlement agreements, all claims against and among Babcock, Conoco, its insurer, Rowan, Directional, and its insurer were dismissed with prejudice. On July 25, 1983, the court approved the settlement agreement and dismissed the pending claims with prejudice. All rights to proceed against the Rowan employees and their insurer (Aetna) were reserved.
 
 
 8
 On November 9, 1983, Rowan filed a cross-claim against Conoco, Directional and their insurers contending that Rowan was damaged because Conoco and Directional refused to indemnify Rowan's employees. At a pre-trial conference before the court, the parties agreed that if the Rowan employees were entitled to indemnification, the "litigation would die of its own accord."[2] Thus, the court held that the trial would be limited to the related questions of whether Rowan was bound by the settlement agreement[3] and whether the Rowan employees were entitled to indemnity from either Conoco or Directional pursuant to either the Conoco-Rowan or Conoco-Directional contracts.
 
 
 9
 The district court heard evidence on the claims of indemnity in August of 1985. Finding the contractual language to be ambiguous, Judge Beer ruled from the bench that, as a matter of fact, the contracting parties intended the indemnity agreements to cover the Rowan employees. Since the Rowan employees were entitled to indemnity, the court found no need to hear evidence on Babcock's liability and damage claims against the Rowan employees. Babcock, Directional, Conoco, and the insurance companies filed a timely notice of appeal.
 
 II
 
 10
 The appellants, Babcock, Directional, and Conoco,[4] (collectively plaintiff-appellants) raise several issues on appeal. First, the plaintiff-appellants contend that the indemnity provisions of both the Conoco-Rowan contract and the Conoco-Directional contract are so complicated as to be unenforceable. Second, even if the contracts at issue are enforceable, the plaintiff-appellants contend that the Rowan employees are not entitled to indemnification under either the Conoco-Rowan contract or the Conoco-Directional contract. Finally, the plaintiff-appellants argue that the district court erred in dismissing Babcock's suit against the Rowan employees because a trial on the merits had never been held.
 
 
 11
 Before both the district court and this court at oral argument, the plaintiff-appellants have acknowledged that this litigation will not continue if the Rowan employees are found to be entitled to indemnification under either of the relevant contracts. See supra note 2. For this reason, we find, and the plaintiff-appellants agree, that if these employees are found to be covered by the indemnity provisions of any of the agreements at issue in this case, the question whether the district court erred in dismissing the claims against the Rowan employees is moot. Thus, on appeal, we limit our attention to the question of whether the district court properly found that the Rowan employees were entitled to indemnification. Because we find that the Rowan employees are entitled to indemnification under the Conoco-Directional contract but not the Conoco-Rowan contract, we affirm the judgment of the district court.
 
 III
 
 12
 The plaintiff-appellants correctly note that this court has held that "a contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties. Corbitt v. Diamond M Drilling Co., 654 F.2d 329 (5th Cir.1981) (emphasis added). The plaintiff-appellants then use this rule of construction to contend that since the district court found the contractual language to be ambiguous, these contracts cannot provide the basis for providing the Rowan employees indemnity. After reviewing the language of the relevant contracts, we find that the relevant contracts are not ambiguous. We will review each contract separately.
 
 A.
 
 13
 The relevant portion of the Conoco-Rowan contract reads as follows:
 
 10(f) Indemnity Provisions
 
 14
 (1) CONTRACTOR's [Rowan] Indemnification of OPERATOR [Conoco]
 
 
 15
 [Rowan] agrees to protect, defend, indemnify and save [Conoco] and its joint owners harmless from and against all claims, demands, and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party, arising in connection herewith in favor of [Rowan]'s employees, [Rowan]'s subcontractors or their employees, on account of bodily injury, death or damage to property.
 
 
 16
 (2) [Conoco]'s Indemnification of [Rowan]
 
 
 17
 [Conoco] agrees to protect, defend, indemnify and save [Rowan] harmless from and against all claims, demands and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party, arising in connection herewith in favor of [Conoco]'s employees, [Conoco]'s contractors or their employees, other than those identified in 10(f)(1) above, on account of bodily injury, death or damage to property.
 
 
 18
 (3) [Conoco]'s Other Service Contractors
 
 
 19
 Notwithstanding the provisions of Article 10(f)(2) [Conoco] routinely enters into Blanket Contracts with various other service contractors whose services may also be required in drilling wells contemplated hereunder. Similarly, [Conoco] agrees on a continuing basis to administer the circulation and execution between all such other service contractors and [Rowan] hereunder of that certain mutual Indemnification Agreement, in form identical to that attached hereto and made a part hereof as Exhibit H, together with insurance certificate required thereunder, to be effective only on operations hereunder and during the term hereof or any extension period. Among other terms, said Indemnification Agreement requires service contractor [Directional] to indemnify and hold harmless [Rowan] from claims for bodily injury or death by said service contractors, their employees or subcontractors, together with waiver of subrogation to [Rowan] from service contractor's carrier.
 
 
 20
 Upon [Conoco] furnishing [Rowan] evidence of execution of said mutual Indemnification Agreement by service contractor together with said waiver of subrogation by service contractor's carrier as required therein, [Conoco] shall be relieved from indemnity obligation assumed and set forth in Article 10(f)(2) above insofar as such service contractor is concerned. (Brackets and emphasis added.)
 
 
 21
 The plaintiff-appellants contend that the Rowan employees are not entitled to indemnity pursuant to this contract because the contract provides only for the indemnity of Rowan and Conoco. Since no reference is made to employees of Rowan or any other entity, the plaintiff-appellants argue that this court should not expand the language of the contracts to find such indemnity. In contrast, Rowan contends that its employees are naturally included in the indemnity contract and that any intent to the contrary should be clearly expressed. Rowan argues that an indemnity agreement which covered Rowan without covering its employees would be "specious."
 
 
 22
 After reviewing this contract, we find the Conoco-Rowan contract does not provide the Rowan employees with indemnity coverage. Section 10(f)(2), which delineates Conoco's duty to indemnify Rowan, specifically states that Conoco is to indemnify Rowan, not Rowan and its employees. Thus, the question is whether this court should construe Rowan to mean simply Rowan or Rowan and its employees.
 
 
 23
 In Corbitt v. Diamond M. Drilling Co., 654 F.2d 329, 333 (5th Cir.1981) this court stated that a
 
 
 24
 contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties, but it should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be reasonably inferred that the parties intended to include them within the indemnity coverage. (Emphasis added.)[5]
 
 
 25
 The Rowan employees are not expressly within section 10(f)(2) and Rowan has not submitted evidence supporting a finding of the parties' intent to include the Rowan employees.[6] Thus, the Conoco-Rowan contract does not provide the Rowan employees with indemnity coverage.
 
 
 26
 Similarly, section 10(f)(3) provides the Rowan employees with no greater support. This section states that Conoco will be relieved from its obligation to indemnify Rowan upon the execution of a mutual indemnification agreement identical to the one in exhibit H. While this imposes an addition obligation on Conoco, that is, to insure that it executes the exhibit H agreement with service contractors, it does not expand the coverage of persons entitled to indemnification.
 
 
 27
 Finally, we reject Rowan's argument that denying the Rowan employees indemnity coverage would lead to a ludicrous result because an agreement to indemnify an employer without indemnifying its employees is meaningless. Under the indemnity agreement, Rowan's defense was assumed by Conoco, the claims against Rowan were settled without any expense to Rowan, and any further damages against Rowan will be indemnified. Thus, Rowan has received benefits, even if its employees do not.
 
 
 28
 For these reasons, we find that the Rowan employees are not entitled to indemnification under the Conoco-Rowan contract.
 
 B.
 
 29
 We now must determine whether the Conoco-Directional contract entitles the Rowan employees to indemnity coverage. Paragraph B of Article V of the Conoco-Directional contract reads in pertinent part:
 
 
 30
 B. [Directional] agrees to indemnify and hold harmless [Conoco] ... or other [Conoco] Contractors to which [Conoco] owes an indemnification, and any or all ... employees, or servants of [Conoco] ... or other such [Conoco] Contractors, against any and all claims, demands, or suits ... which may be brought against [Conoco] or other such [Conoco] Contractor, whether one or more, or in which any and all such ... employees, or servants of [Conoco] ... or other such [Conoco] Contractors, as the case may be, are named party defendant or parties defendant, as the case may be, by any employee of [Directional], ... in any way arising out of or incident to the work to be performed under this contract, irrespective of whether such suits are based on the relationship of master and servant, third party, or otherwise, and even though occasioned, brought about, or caused in whole or in part by the negligence of [Conoco] ... and/or other [Conoco] Contractors, ... employees, or servants or by the unseaworthiness of vessels or craft, or by conditions, acts or omissions (whether or not in whole or in part the responsibility of or occasioned by negligence or fault of [Conoco] and/or co-lessees and/or co-owners or other [Conoco] Contractors, their agents, directors, officers, employees or servants) which impose strict liability provided, however, that such indemnification shall only apply to the extent permitted by applicable law. [Directional] further agrees to have any such claim, demand, or suit investigated, handled, responded to and defended at no cost to [Conoco], and/or other [Conoco] Contractors, even if such claim, demand or suit is groundless, false or fraudulent. (Brackets and emphasis added.)
 
 
 31
 The plaintiff-appellants contend that the Rowan employees are not entitled to indemnity pursuant to the Conoco-Directional contract because at the time of Babcock's accident, Directional was only required to indemnify those persons that Conoco was required to indemnify. Since Conoco is not required to indemnify Rowan's employees, the plaintiff-appellants argue that Directional cannot have an obligation to indemnify Rowan's employees. We disagree.
 
 
 32
 The relevant portion of the Conoco-Directional contract expressly states that Directional will indemnify and hold harmless Conoco or other Conoco contractors to which Conoco owes an indemnification and any employees of Conoco or other such Conoco contractors. Thus, this contractual language imposes on Directional a greater obligation than is imposed on Conoco by the Conoco-Rowan contract, and expressly requires Directional to indemnify the Rowan employees.[7]
 
 
 33
 Moreover, as required under the terms of the second paragraph of 10(f)(3) of the Conoco-Rowan contract, Conoco and Directional executed a mutual indemnification contract identical to the provisions of exhibit H. Exhibit H provides in pertinent part:
 
 
 34
 In each of the aforementioned contracts, the parties thereto agree as between themselves to reciprocally hold the other harmless and indemnify each other for damages or claims filed by or on behalf of their respective employees; however, because Service Contractor [Directional] and Drilling Contractor [Rowan] are not parties to both contracts, as is Continental [Conoco] there is no reciprocal indemnification between Service Contractor and Drilling Contractor. Therefore, in order to prevent inequities in liability exposure, Service Contractor and Drilling Contractor agree as follows:
 
 
 35
 A. Service Contractor agrees to indemnify and hold harmless Drilling Contractor, affiliates and co-owners, and any or all vessels, crafts, agents, directors, officers, employees or servants of Drilling Contractor against any and all claims, demands or suits ... which may be brought against Drilling Contractor or ... in which any or all such agents, directors, officers, employees or servants of Drilling Contractor are named party defendant ... by any employee of Service Contractor ... in anywise arising out of or incident to the work to be performed under either of the above-mentioned contracts....
 
 
 36
 Under the clear language of exhibit H, Directional was required to indemnify the Rowan employees. Exhibit H states that the service contractor, here Directional, must indemnify the drilling contractor, here Rowan, and any employees of Rowan, against any and all claims which may be brought against either Rowan or Rowan employees by an employee of Directional. In the instant case, Babcock, an employee of Directional, is suing both Rowan and Rowan employees. Since this action falls within the express indemnity provisions of exhibit H, Directional must indemnify the Rowan employees.
 
 IV
 
 37
 The district court found that the Rowan employees were entitled to indemnification. After reviewing the contracts at issue, we find that the Rowan employees are entitled to indemnification under the express terms of the Conoco-Directional contract and exhibit H, but are not entitled to indemnification under the Conoco-Rowan contract. The parties have stated to the court that if the Rowan employees are found to be entitled to indemnification, the litigation against the Rowan employees will not proceed. For these reasons, the district court's finding that the Rowan employees are entitled to indemnification and the court's judgment dismissing this litigation is
 
 
 38
 AFFIRMED.
 
 
 
 [1]
 Article IV of the contract provided that the parties waived all rights of recovery over and against each other; article V provided that Directional would indemnify and hold Conoco harmless in the event of injury resulting from a work-related accident
 
 
 [2]
 If the Rowan employees were entitled to indemnification, the litigation would cease because under the terms of the settlement agreement, any recovery would become a circular exchange of money. If, however, the court found that neither Conoco nor Directional was obligated to indemnify the Rowan employees, Babcock could pursue his claim against the Rowan employees. At oral argument, the parties again agreed that if the Rowan employees were entitled to indemnification, Babcock would not proceed against the Rowan employees
 
 
 [3]
 The district court appears not to have decided this question, and the parties have abandoned the issue on appeal
 
 
 [4]
 Conoco, declining to file a separate brief, adopted the brief and positions advocated by Babcock and Directional
 
 
 [5]
 In Corbett, this court construed the indemnity clauses quite narrowly. An employee of Sladco, Inc. was injured as a result of the negligence of Diamond M Drilling Company. Diamond M invoked its indemnity clause with Shell Oil Company to avoid liability. Shell accepted this responsibility. Shell in turn tried to invoke its indemnity agreement with Sladco. The indemnity clause between Shell and Sladco provided that Sladco would indemnify Shell "against all claims, suits, liabilities, and expenses on account of personal injury." This court held that Shell could not recover against Sladco because Shell's liability to Diamond M did not arise out of a personal injury but rather out of its duty to indemnify Diamond M. Since the Shell-Sladco indemnity clause did not indemnify Shell for these costs, no recovery against Sladco was allowed. Thus, we are bound by controlling precedent to read narrowly the indemnity clauses in the instant contracts
 
 
 [6]
 In fact, there is evidence indicating that Rowan changed the indemnity clauses to exclude employees from indemnity coverage. Previous Conoco-Rowan contracts provided:
 Company [Conoco] agrees to indemnify and hold harmless Contractor [Rowan], and any or all vessels, crafts, agents, directors, officers, employees or servants of Contractor....
 The present contract and the one at issue here provides:
 Operator [Conoco] agrees to protect, defend, indemnify, and save Contractor [Rowan] harmless from and against all claims....
 The Rowan employees contend that this change was merely the result of this court's decision in Cormier v. Rowan Drilling Co., 549 F.2d 963 (5th Cir.1977) but that decision did not raise the question whether employees of indemnified companies were covered by the indemnity clauses. While the change in language in the Conoco-Rowan contract occurred after this court's decision in Cormier, we find no basis for holding that the change was caused by the decision.
 
 
 [7]
 The plaintiff-appellants contend that this court should refuse to enforce the Conoco-Directional contract because articles IV and V of the contract are mutually exclusive. Since Directional is also required to indemnify the Rowan employees under exhibit H, see infra, it is unnecessary to reach this question